UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| No. | 2:21-cv-05650-ODW-(SHKx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Hilda Markarian v. Johnson and Johnson et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

|  Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**               **In Chambers**

Plaintiff Hilda Markarian initiated this action on August 1, 2018, in state court.  (Notice of Removal ("NOR"), Ex. A ("Compl."), ECF No. 4-2.)  On July 13, 2021, Defendant Johnson & Johnson removed this action on the basis of purported diversity jurisdiction.  (NOR, ECF No. 4.)  Plaintiff moves to remand, arguing this Court lacks subject matter jurisdiction over this action.  (Mot. to Remand, ECF No. 12.)  The Court agrees and **REMANDS** this action to state court.

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Id.*  The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *United Inv'rs*, 360 F.3d at 967.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| No. | 2:21-cv-05650-ODW-(SHKx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Hilda Markarian v. Johnson and Johnson et al* | | |

Defendant invokes diversity as the basis of the Court's subject matter jurisdiction.  (NOR ¶ 12.)  The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant."  *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  There is a strong presumption against fraudulent joinder, and thus, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials*, 494 F.3d at 1206.

Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder.  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).  This is because the standard for establishing fraudulent joinder is more exacting than that for dismissal for failure to state a claim.  *Id.* at 549.  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Here, Defendant attempts to invoke diversity jurisdiction arguing the Court should disregard Imerys Talc America Inc.'s California citizenship.  (NOR ¶ 13.)  In its Notice of Removal, Defendant contends Imerys was fraudulently joined.  (*Id.*)  However, Defendant fails to show there is no possibility that Plaintiff can state a claim against Imerys.

Defendant argues that Plaintiff's allegations are insufficient to state claims against Imerys; however, this argument is unavailing.  Defendant must do more than merely show Plaintiff's allegations are insufficient because the standard to establish fraudulent joinder is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| No. | 2:21-cv-05650-ODW-(SHKx) | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Hilda Markarian v. Johnson and Johnson et al* | | |

more exacting than that under Rule 12(b)(6).  *See Grancare*, 889 F.3d at 549–50 (discussing that a defendant must show by clear and convincing evidence that there is *no possibility* a plaintiff could recover against a non-diverse defendant to establish fraudulent joinder).  And even assuming Plaintiff's allegations are insufficient, Defendant fails to establish that Plaintiff could not cure any potential deficiency in a future amendment.  *See id.* at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."); *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (emphasis added) (quoting *Hunter*, 582 F.3d at 1044) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'").

In short, Defendant fails to show by clear and convincing evidence that there is no possibility Plaintiff could state a claim against Imerys.  Accordingly, the Court finds that Imerys was properly joined, and the Court cannot disregard its citizenship.  As there is not complete diversity, the Court must remand.  *See Gaus*, 980 F.2d at 566.

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 12) and **REMANDS** this action to the Superior Court of California, County of Los Angeles, 312 N. Spring Street, California, Case No. BC716008.

Defendant's Motion to Stay is **DENIED AS MOOT**.  (ECF No. 11.)

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

:         00

Initials of Preparer    SE